142. Oral statements made during road shows to promote the IPO contained untrue statements of material fact, omitted to state other facts necessary to make the statements made not misleading, and failed to disclose material facts. The oral statements made during the road shows were used to induce investors, such as Lead Plaintiff and other members of the Class to purchase GM common stock or GM Series B preferred stock.

143. The Individual Defendants' actions of solicitation to promote the IPO included:

(a) participating in the preparation of the false and misleading statements contained in the Prospectus and in road shows; and

(b) making materially false and misleading oral statements during road shows.

144. Defendant GM and the Underwriter Defendants, acting through their employees, agents, and others, solicited such purchases for their personal financial gain through the preparation and dissemination of the Prospectus.

145. The Underwriter Defendants participated in the dissemination of the false and misleading Prospectus for their own financial benefit. But for their participation in the IPO, including their solicitation as set forth herein, the Offering could not and would not have been accomplished. Specifically, the Underwriter Defendants:

(a) made a decision to conduct the Offering and do it at the price set forth in the offering documents. The Underwriter Defendants drafted, revised, and/or approved the Prospectus. The Prospectus was calculated to create interest in GM securities and was widely distributed by or on behalf of these Defendants for that purpose;

(b) finalized the Prospectus and caused it to become effective; and/or

(c) conceived and planned the Offering and orchestrated all activities necessary to affect the sale of these securities to the investing public, by issuing securities, promoting the securities, and supervising their distribution and ultimate sale to the investing public.

146. As set forth specifically above, the Prospectus contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements, in light of circumstances in which they were made, not misleading.

147. Lead Plaintiff and the other Class members did not know, nor could they have known, of the untruths or omissions contained in the Prospectus.

148. The Defendants named in this Count were obligated to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission of material fact required to be stated in order to make the statements contained therein not misleading. None of the Defendants named in this Count made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Prospectus were accurate and complete in all material respects. Had they done so, the Defendants would have known of the material misstatements and omissions alleged herein.

149. By reason of the conduct alleged herein, the Defendants violated Section 12(a)(2) of the Securities Act. Accordingly, Lead Plaintiff and members of the Class who hold GM common stock or GM Series B preferred stock purchased in the Offering have the right to rescind and recover the consideration paid for their GM common stock or Series B preferred stock and hereby elect to rescind and tender their GM common stock or Series B preferred stock to Defendants sued herein. Lead Plaintiff and Class members who have sold their GM common stock or Series B preferred stock are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

150. Lead Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

151. This Count is brought pursuant to Section 15 of the Securities Act, 15 U.S.C. §77o, on behalf of Lead Plaintiff and the other Class members, against the Individual Defendants. Lead Plaintiff does not claim for purposes of this Count that Defendants committed intentional or reckless misconduct or acted with scienter or fraudulent intent.

152. At all relevant times, the Individual Defendants acted as controlling persons of GM within the meaning of Section 15 of the Securities Act. By reason of their ownership interest, senior management positions and/or directorships at the Company, as alleged above, these Defendants individually and acting pursuant to a common plan, had the power to influence and exercised the same to cause GM to engage in the conduct complained of herein and were, therefore, control persons of GM. By reason of such conduct, the Individual Defendants are liable pursuant to Section 15 of the Securities Act.

### PRAYER FOR RELIEF

WHEREFORE, Lead Plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A. declaring this action to be a class action properly maintained pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B. awarding Lead Plaintiff and other members of the Class damages together with interest thereon;

C. awarding Lead Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements;

D. awarding rescission or a rescissory measure of damages as to Count II; and

E. awarding Lead Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Lead Plaintiff hereby demands a trial by jury.

DATED: February 1, 2013    ROBBINS GELLER RUDMAN
                & DOWD LLP
                SAMUEL H. RUDMAN
                DAVID A. ROSENFELD
                ANDREA Y. LEE

                */s/ Samuel H. Rudman*
                SAMUEL H. RUDMAN

                58 South Service Road, Suite 200
                Melville, NY 11747
                Telephone: 631/367-7100
                631/367-1173 (fax)
                srudman@rgrdlaw.com
                drosenfeld@rgrdlaw.com
                alee@rgrdlaw.com

                *Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Andrea Y. Lee, hereby certify that on February 1, 2013, I caused a true and correct copy of the attached:

Amended Class Action Complaint for Violations of Federal Securities Laws

to be: (i) filed by hand with the Clerk of the Court; and (ii) served by first-class mail on the following counsel:

William G. McGuinness, Esq.
Israel David, Esq.
Samuel Groner, Esq.
Fried, Frank, Harris, Shriver
  & Jacobson LLP
One New York Plaza
New York, NY 10004-1980
212/859-8000
Fax: 212/859-4000
william.mcguinness@friedfrank.com
israel.david@friedfrank.com
samuel.groner@friedfrank.com

Lauren O. Casazza, Esq.
Robert J. Kopecky, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
212/446-4800
Fax: 212/446-4900
lauren.casazza@kirkland.com
rkopecky@kirkland.com

_____
Andrea Y. Lee